IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GEORGIA SAWAYA,**

    Plaintiffs,

vs.                                                                    **Civ. No. 99-220 DJS/KBM-ACE**

**BRUCE BABBITT,**

    Defendant.

## MEMORANDUM OPINION and ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion for Summary Judgment filed December 22, 1999. Plaintiff filed a response on January 2, 2000 and a supplemental response on February 28, 2000. Defendant filed a reply on March 16, 2000. Defendant's Motion is well taken and will be granted.

Plaintiff brings her claims pursuant to the Rehabilitation Act of 1973, 20 U.S.C. Sec. 791 et. seq. ("the Rehabilitation Act"), and Title VII of the Civil Rights Act of 1964 (Title VII), as amended 42 U.S.C. Secs. 2000e, et. seq. Plaintiff alleges that she was terminated because she has a disabling condition (pulmonary embolisms) which limited her ability to walk and required her to bring an oxygen tank into the workplace. Plaintiff alleges that the Fish and Wildlife Service (FWS) violated the Rehabilitation Act

when she was fired on February 17, 1997. She also claims that she was the victim of retaliation when the FWS withheld her paychecks as reimbursement for travel expenses paid to her in connection with her move from Michigan to New Mexico.

**Legal Standard**

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, she is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed.R.Civ.P. 56(e); Matsushita Elec., 475 U.S. at 596-87.

Traditional summary judgement principles apply to Title VII and Rehabilitation Act discrimination cases. See, e.g., Box v. A&P Tea Co., 772 F.2d 1372 (7th Cir. 1985), cert. denied, 478 U.S. 1010 (1986); Foster v. Arcata Assoc., Inc., 772 F.2d 1453, 1459 (9th Cir. 1985), cert. denied, 475 U.S. 1048 (1986); see e.g. Bolden v. PRC

Inc., 43 F.3d 545 (10th Cir. 1994), cert. denied 516 U.S. 826 (1995).

Pursuant to the Rehabilitation Act, the Plaintiff must prove the following three elements to establish a *prima facie* case of discrimination: 1) she is a disabled person; 2) she was otherwise qualified apart from her handicap; and 3) she was terminated under circumstances which give rise to an inference that her termination was based solely on her disability. (emphasis added) Puskin v. Regents of University of Colorado, 658 F.2d 1372, 1387 (10th Cr. 1981); Woodman v. Runyon, 132 F.3d 1330, 1338 (10th Cir. 1997); Roberts v. Progressive Independence Inc., 183 F.3d 1215, 1222(10th Cir. 1999).

To establish a *prima facie* case of retaliation Plaintiff must show that: (1) she engaged in an activity protected by Title VII; (2) an adverse employment action was taken against her subsequent to her protected activity; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action taken by the employer. Morgan v. Hilti, Inc., 108 F.3d 1319 (10th Cir. 1997).

**Analysis**

Plaintiff cannot prevail for the following reasons. Plaintiff's supplemental response in untimely; Plaintiff did not comply with D.N.M.LR-Civ. 56; and Plaintiff has asserted no facts to prove pretext under the Rehabilitation Act or Title VII.

On February 4, 2000 the Court entered an Order granting

3

Plaintiff permission to file a supplemental response to Defendant's Motion for Summary Judgment. The Order provided that Plaintiff must file her Response within twenty-one days of entry of the Order. Plaintiff's response was due on February 25, 2000. Plaintiff's response was filed on February 28, 2000. The response is untimely.

Moreover, Plaintiff failed to controvert any of the facts set forth in Defendant's statement as required by D.N.M. LR-Civ. 56.1(b). Thus, pursuant to Local Rule 56 all material facts set forth by the Defendant are admitted. The uncontroverted facts demonstrate that Defendant's decision to terminate Plaintiff had nothing to do with her alleged disability. The facts further demonstrate that the decision to withhold Plaintiff's paychecks to pay a debt she owed had nothing to do with Plaintiff's alleged disability.

Plaintiff cannot establish a *prima facie* case of discrimination under the Rehabilitation Act because she cannot show that she was fired solely because of her alleged disability. This would require that the evidence of her misconduct be ignored. It is uncontroverted that the Plaintiff made unauthorized long distance phone calls using phones at the FWS; Plaintiff was warned about this conduct; Plaintiff was provided a publication which addresses the issue of use of government telephones; and Plaintiff continued making unauthorized long distance calls. The Plaintiff's supervisor testified that she decided to terminate the Plaintiff

4

because she abused her phone privileges and made numerous unauthorized long distance calls.

Again, Plaintiff does not controvert any of the material facts set forth by the Defendant. Rather, Plaintiff argues that Defendant's justifications are "internally inconsistent and transparently false." Response, p. 3. However, Plaintiff fails to point out any inconsistencies and falsities in Defendant's assertion of the facts. Rather, Plaintiff recites a series of alleged "facts" which she believes shows inconsistencies. This is insufficient. Morgan, 108 F.3d at 1324; Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993)(finding that even when elusive concepts like motive or intent are in play, summary judgment may be appropriate if nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.)

Finally, Plaintiff argues that the cost of the calls to FWS was less than $100.00, thus the phone calls were a pretext for termination. Defendant has presented uncontroverted evidence that Plaintiff's unauthorized phone calls exceeded $650.00.

Plaintiff cannot prevail on her claim for retaliation. Once she established a *prima facie* case, the burden shifts to the Defendant to set forth reasons for its actions which would support a finding that retaliation was not the cause of the challenged employment action. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993). Once that burden is met, Plaintiff must produce evidence that Defendant's proffered reason is false in order to

5

survive summary judgment.  Moreover, the Plaintiff must prove that Defendant's action was intentionally retaliatory. <u>Gunnell v. Utah Valley State College</u>, 152 F.3d 1253, 1263 (10th Cir. 1998).

In this case, Robert Casaus, FWS's Budget and Finance Officer, articulated a legitimate, nondiscriminatory reason for withholding Plaintiff's paychecks after she was terminated.  After learning that Plaintiff was going to be terminated, he checked to see if the Plaintiff owed the FWS any money.  He determined that she owed the agency $2,570.00 for a travel advance given to her in connection with her move to Albuquerque in 1997.  He then applied her paychecks to the debt in compliance with 5 U.S.C. Sec. 5705.  Mr. Casaus denied retaliating against the Plaintiff.

Plaintiff has not set forth any evidence that Mr. Casaus' explanation is pretextual.  Plaintiff argues that the interpretation of the Employment Agreement and the Travel Authorization is a question of fact.  This is of no help to the Plaintiff.  The issue is whether Mr. Casaus did what he did because of Plaintiff's alleged disability. <u>Bullington v. United Airlines</u>, 186 F.3d 1301, 1317 (10th Cir. 1999); <u>Equal Employment Opportunity Comm'n v. Flasher Co.</u>, 986 F.2d 1312, 1320 (10th Cir. 1992)("An employers articulated reason for terminating a member of a protected class need not be a sound business reason, or even a fair one...The only relevant inquiry is whether the decision was based on a [protected status].")(citation omitted)  The Court does not sit as a "super personnel" office reviewing, questioning and second

guessing the propriety of business decisions made by employers. Kounelis v. Mount Sinai Med. Ctr. of Greater Miami, 987 F. Supp. 1452, 1458 (S.D. Fla. 1997) aff'd 172 F.3d 884 (11th Cir. 1994). Plaintiff's argument that the decision was a wrong one is not relevant. Thus, Plaintiff's claim fails.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant's Motion for Summary Judgment is granted and Plaintiff's Complaint and all of her claims therein are dismissed with prejudice.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**